UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PABLO SANCHEZ-ROJO, | ) | Case No. EDCV 04-1454-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

On December 9, 2004, Pablo Sanchez-Rojo ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for social security disability and supplemental security income benefits. On January 25, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on June 1, 2005, defendant filed an Answer to Complaint. On August 15, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On May 30, 2002, plaintiff filed an application for social security disability benefits. (Administrative Record ["AR"] at 100-02). In his application, plaintiff claimed that, beginning on May 1, 2001, anxiety, depression, panic attacks, and recent surgery prevented him from working. (AR at 149). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 74-59, 81-88). On or about November 5, 2002, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 89).

On March 16, 2004, the ALJ conducted a hearing in San Bernardino, California. (AR at 31-73). Plaintiff appeared at the hearing with counsel and testified. (AR at 33-67). Sandra Fioretti, a vocational expert, also appeared and testified. (AR at 67-72).

On September 3, 2004, the ALJ issued his decision denying benefits. (AR at 14-24). In his decision, the ALJ concluded that plaintiff suffered from the following impairments, which are severe in combination: fatty liver; panic disorder, not otherwise specified; and depressive disorder, not otherwise specified. (AR at 17). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform a work activity at a heavy exertional level, with the following non-exertional limitations: never balancing or climbing ladders, ropes or scaffolds except in an emergency; avoiding concentrated exposure to unprotected heights; and mentally limited to unskilled work with no more than average stress, and with no close or frequent interpersonal contact with supervisors,

2

co-workers, and the public. (AR at 24). The ALJ concluded that plaintiff was able to perform all the requirements of his past relevant work as a farm worker and as a painter. (AR at 23). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On September 16, 2004, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 7). Upon review of plaintiff's request, the Appeals Council affirmed the ALJ's decision. (AR at 4-6).

**PLAINTIFF'S CONTENTION**

Plaintiff claims that the ALJ failed to properly consider the treating psychologist's opinion of disability.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible

of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.    The ALJ's Consideration of the Treating Physician's Opinion**

Plaintiff asserts that the ALJ failed to give proper consideration to the opinion of plaintiff's treating psychologist, who plaintiff claims gave an assessment of disability. This alleged failure to address the treating physician's disability assessment, he argues, constitutes error.

On January 18, 2000, plaintiff's treating psychologist, M. Angelica Gonzales, Ph.D., performed a Clinical Assessment on plaintiff. (AR at 299-302). In the assessment, Dr. Gonzales found plaintiff's dysfunction rating to be moderate. (AR at 302). She further noted that plaintiff "leaves [his] job site on occasions or does not go to work due to fear that he is going to have a panic attack. [Plaintiff] has lost his job on some occasions due to symptoms of anxiety." (Id.). Plaintiff claims that Dr. Gonzales' comments amounted to a disability assessment. Hence, plaintiff contends, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Gonzales' assessment, but failed to do so.

In faulting the ALJ for failing to address Dr. Gonzales' assessment, plaintiff claims that Dr. Gonzales rendered an "important opinion of disability." (Joint Stipulation at 3). Defendant responds that the ALJ did not specifically reject Dr. Gonzales' assessment because the ALJ's opinion was consistent with the doctor's assessment. Dr. Gonzales determined that plaintiff was oriented to person, place, time, and situation. (AR at 301). While Dr. Gonzales did note that

plaintiff was anxious in his mood, she also noted plaintiff's organized and coherent speech, the absence of any cognitive defects, plaintiff's generally intact memory, plaintiff's organized and coherent thought process, the lack of delusions, problems with perceptual processes or hallucinations, plaintiff's average insight and judgment, and plaintiff's appropriate affect. (AR at 301). Overall, Dr. Gonzales found no health conditions placing plaintiff at special risk. (AR at 302).

In his decision, the ALJ noted that plaintiff suffered from fatty liver, panic disorder, and depressive disorder, which he considered severe in combination. (AR at 23). These findings comported with Dr. Gonzales's report that plaintiff suffered from panic attacks. (AR at 302). Dr. Gonzales further opined that plaintiff's dysfunction rating was moderate. (Id.). The ALJ assessed moderate difficulties in plaintiff's social functioning, concentration, persistence, and pace. (AR at 23). Because the ALJ made findings that were consistent with Dr. Gonzales's conclusions, it was unnecessary for the ALJ to specifically reject Dr. Gonzales's opinion. Moreover, Dr. Gonzales did not specifically opine whether plaintiff was capable of working. But Dr. Gonzales's assessments of plaintiff's speech, memory, thought processes, thought content, perceptual processes, insight, judgment, and affect, were not inconsistent with the ALJ's finding that plaintiff could perform unskilled work with no frequent contact with supervisors, co-workers, and the public.

Even if the ALJ improperly failed to reject Dr. Gonzales' assessment, the Court finds that the error was harmless because Dr. Gonzales' assessment was rendered prior to plaintiff's onset date. Dr. Gonzales completed her assessment on January 18, 2000. (AR at

302).  Plaintiff alleges an onset date of May 1, 2001, nearly 16 months later. (AR at 149).  Plaintiff bears the burden of submitting evidence in support of his claim.  20 C.F.R. § 404.1512(c). Plaintiff, therefore, should have submitted an opinion from Dr. Gonzales assessing his mental status and risk after May 1, 2001, the onset date.  He failed to do so.  A pre-onset date opinion has no relevance to plaintiff's claim of disability.  See, e.g., Jones v. Apfel, 2000 WL 1456907 (D. Or. 2000)(holding that the ALJ was entitled to ignore a pre-onset date opinion of a treating physician because that opinion was superceded by another treating physician's opinion given more closely in time to the onset date).  Similarly, in this case, another treating physician of plaintiff, Guia M. Montenegro, M.D., completed a Mental Work Capacity Evaluation on September 27, 2002, nearly 17 months after plaintiff's onset date.  (AR at 351-52). Accordingly, the ALJ was entitled to ignore Dr. Gonzales' opinion because it was superceded by Dr. Montenegro.  As such, the ALJ did not err in disregarding Dr. Gonzales' opinion.

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the proper legal standards.  The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 2, 2005

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE